UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TODD C. BANK, Individually and on Behalf of
All Others Similarly Situated,

*Plaintiff*,

-against-

EVEN T. SIRLIN,

*Defendant*.

# CLASS-ACTION COMPLAINT

## INTRODUCTION

1. This action arises under a federal statute and a New York statute: respectively, the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

2. Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential or cellular telephone number one or more telephone calls, described below, were placed (the "Federal Class") during the period beginning four years prior to the commencement of this action until the date of such commencement (the "Federal Class Period").

3. Plaintiff also brings this action individually and as a class action on behalf of all persons to whose New York telephone numbers one or more telephone calls, described below, were placed, such telephone numbers being those with an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date of such commencement (the "New York Class Period").

4. Plaintiff seeks, individually and on behalf of the other Federal Class Members, statutory damages, injunctive relief, and costs.

5. Plaintiff seeks, individually and on behalf of the other New York Class Members, statutory damages, injunctive relief, legal fees, and costs.

6. The term "person," as used in this Complaint, incorporates the definition of "person" provided in 1 U.S.C. Section 1.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's federal-law claims under 28 U.S.C. Section 1331, and has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. Section 1367(a).

8. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## PARTIES

9. Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

10. Defendant, Even T. Sirlin ("Sirlin"), is an individual who resides at 1344 Huckleberry Lane, Hewlett, New York 11557.

## FACTS

11. On June 12, 2018, Bank received, on his residential telephone line, a telephone call (the "First Call") whose Caller Identification ("Caller ID") information included a telephone number (the "First Caller ID Number").

12. The First Caller ID Number was not the actual number from which the First Call was placed.

13. The First Caller ID Number contained the same area code and the same three-digit prefix as the telephone number to which the First Call was placed.

14. The use, by telemarketers, of a fake Caller ID that makes a call appear to be from a nearby location is known as "neighborhood spoofing."

15. The use of the First Caller ID Number constituted neighborhood spoofing.

16. Upon the answering of the First Call, a message was played by an artificial or pre-recorded voice ("a Pre-Recorded Message") that stated that the call was from "the National Hearing Center."

17. On June 20, 2018, Bank received, on his residential telephone line, a telephone call (the "Second Call") whose Caller ID information included a telephone number (the "Second Caller ID Number").

18. The Second Caller ID Number was not the actual number from which the Second Call was placed.

19. The Second Caller ID Number contained the same area code and the same three-digit prefix as the telephone number to which the Second Call was placed.

20. The use of the Second Caller ID Number constituted neighborhood spoofing.

21. Upon the answering of the Second Call, a Pre-Recorded Message stated that the call was from "the National Hearing Center."

22. Sirlin has, at all relevant times, done business as the National Hearing Center.

23. Sirlin hired one or more third parties to place thousands of telephone calls that included, and that were materially similar in substance and methodology to, the First Call and the Second Call.

24. On June 22, 2018, Bank received, on his residential telephone line, a telephone call (the "Third Call") whose Caller ID information included a telephone number (the "Third Caller ID Number").

25. The Third Caller ID Number was not the actual number from which the Third Call was placed.

26. The Third Caller ID Number contained the same area code and the same three-digit prefix as the telephone number to which the Third Call was placed.

27. The use of the Third Caller ID Number constituted neighborhood spoofing.

28. Upon the answering of the Third Call, a Pre-Recorded Message was followed by the playing of a second Pre-Recorded Message that stated that the call was from "Medical Alarms."

29. Sirlin has, at all relevant times, done business as "Medical Alarms."

30. Sirlin hired one or more third parties to place thousands of telephone calls that included, and that were materially similar in substance and methodology to, the Third Call.

31. The First Call, the Second Call, the Third Call ("Bank's Calls"), and the telephone that were materially similar in substance and methodology to Bank's Calls (collectively, as the "Mass Telemarketing Calls") were made with equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a pre-recorded message to the telephone numbers that were called without the use of an operator.

32. The Pre-Recorded Messages of the Mass Telemarketing Calls did not state, at their beginning, the full name of the person on whose behalf the calls were placed.

33. The Pre-Recorded Messages of the Mass Telemarketing Calls did not state the address of the person on whose behalf the calls were placed.

34. The Pre-Recorded Messages of the Mass Telemarketing Calls did not state the telephone number of the person on whose behalf the calls were placed.

35. The Mass Telemarketing Calls were made without the prior express written consent of any person who had the legal right to provide such consent.

4

**APPLICABLE LAW**

A.   **Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA")**

36.   With respect to residential telephone lines, the TCPA states that it is "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

36.   With respect to telephone numbers assigned to a cellular telephone service, the TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

37.   Recipients of calls made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b), the court may increase the award by up to $1,000 per violation. *See id.*

B.   **New York General Business Law Section 399-p**

38.   New York General Business Law Section 399-p(3)(a) states that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

39.   Persons whose rights under GBL Section 399-p are violated are entitled, pursuant to GBL Section 399-p(9), to the greater of actual damages or $50 per violation, injunctive relief, and reasonable legal fees; and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000.

5

**FIRST CAUSE OF ACTION**

40. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "35" inclusive of this Complaint as if fully set forth herein.

41. The placement of the Mass Telemarketing Calls violated 47 U.S.C. Section 227(b)(1).

42. Bank and Members of the Federal Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(3)(B).

43. In the event that Defendant willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other members of the Federal Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

44. Bank and the other Members of the Federal Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. Section 227(b)(1).

**SECOND CAUSE OF ACTION**

45. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "35" inclusive of this Complaint as if fully set forth herein.

46. The placement of the Mass Telemarketing Calls to New York Class Members violated GBL Section 399-p(3)(a).

47. Bank and the other Members of the New York Class are entitled to statutory damages of $50 pursuant to GBL Section 399-p(9).

48. Bank and the other Members of the New York Class are entitled to an Order, pursuant to GBL Section 399-p(9), enjoining Defendant from violating GBL Section 399-p(3)(a)

49. Bank and the other Members of the New York Class are entitled to reasonable legal fees pursuant to GBL Section 399-p(9).

**CLASS ALLEGATIONS**

50. Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone one or more Mass Telemarketing Calls were made during the Federal Class Period.

51. Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone one or more Mass Telemarketing Calls were made during the New York Class Period.

52. Bank believes that there are thousands of individuals whose claims are similar to Bank's claims, and, furthermore, that Bank's claims are typical of the claims of absent Class Members. Members of each Class have sustained damages arising out of Defendant's wrongful conduct in the same manner in which Bank has sustained damages arising out of Defendant's unlawful conduct.

53. Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

54. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

55. Common questions of law and fact predominate over questions that affect only individual Federal Class Members. Among those questions are:

(i) whether Sirlin hired one or more third parties to make telephone calls that violated Section 227(b)(1) of the TCPA;

(ii) whether Defendant willfully or knowingly violated Section 227(b)(1) of the TCPA;

(iii) whether the Members of the Federal Class are entitled to damages as a result of Defendant's violations of Section 227(b)(1) of the TCPA, and, if so, how much; and

(iv) whether the Members of the Federal Class are entitled to injunctive relief as a result of Defendant's violations of Section 227(b)(1) of the TCPA.

96. Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among those questions are:

(i) whether telephone calls were made to residential or cellular telephone lines by, on behalf of, at the direction of, with the approval of, or with the authorization of Defendant using equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a pre-recorded message to the telephone numbers that were called without the use of an operator, wherein the telephone number to which the such calls were made was a New York telephone number, that is, a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929

(ii) whether Defendant violated GBL Section 399-p(3)(a);

(iii) whether the Members of the New York Class are entitled to damages as a result of Defendant's violations of GBL Section 399-p(3)(a);

(iv) whether the Members of the New York Class are entitled to injunctive relief as a result of Defendant's violations of GBL Section 399-p(3)(a); and

(v) whether the Members of the New York Class are entitled to reasonable legal fees as a result of Defendant's violations of GBL Section 399-p(3)(a).

**[continued on next page]**

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other Members of the Federal Class;

(b) Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Class, in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendant knowingly or willfully violated 47 U.S.C. Section 227(b)(1);

(c) Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. Section 227(b)(1);

(d) Pursuant to New York General Business Law Section 399-p(9), damages of $50 per violation of New York General Business Law Section 399-p(3)(a) for Plaintiff and the other Members of the New York Class;

(e) Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendant from violating New York General Business Law Section 399-p(3)(a); and

(f) An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: August 10, 2018

                                                Respectfully submitted,

                                                 s/ *Todd C. Bank*
                                                TODD C. BANK
                                                 ATTORNEY AT LAW, P.C.
                                                Todd C. Bank
                                                119-40 Union Turnpike
                                                Fourth Floor
                                                Kew Gardens, New York 11415
                                                (718) 520-7125
                                                By Todd C. Bank

                                                *Counsel to Plaintiff*