UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated<br><br>                                                      *Plaintiff*,<br><br>            -against-<br><br>EVAN T. SIRLIN,<br><br>                                                      *Defendant*. | 1:18-cv-04536-WFK-JO |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR A DEFAULT JUDGMENT AND FOR PERMISSION
TO ENGAGE IN CLASS-CERTIFICATION DISCOVERY**

TODD C. BANK
 ATTORNEY AT LAW, P.C.
Todd C. Bank
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated<br><br>*Plaintiff*,<br><br>-against-<br><br>EVAN T. SIRLIN,<br><br>*Defendant*. | 1:18-cv-04536-WFK-JO |

**INTRODUCTION**

Plaintiff, Todd C. Bank ("Bank"), submits this memorandum of law in support of Bank's motion for an Order: (1) pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the Eastern District of New York, for a default judgment against Defendant, Evan T. Sirlin. ("Sirlin"); (2) granting Bank permission to engage in class-certification discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure; and (3) granting Bank any additional relief that the Court deems just and proper.

**FACTUAL AND PROCEDURAL BACKGROUND**

This putative class action, which was commenced on August 10, 2018, arose under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); specifically, Section 227(b)(1)(B), which makes it "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party," 47 U.S.C. § 227(b)(1)(B), and Section 227(b)(1)(A)(iii) of the TCPA, which makes it "unlawful for any person . . . to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or

1

prerecorded voice . . . to any . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Bank has also asserted claims, with respect to telephone calls made to New York State telephone numbers, under New York General Business Law ("GBL") Section 399-p(3)(a), which states that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law." GBL § 399-p(3)(a).

Bank is seeking, individually and on behalf of the other class members, statutory damages and injunctive relief. *See* Compl., Dkt. No. 1, ¶¶ 4,5, and Prayer for Relief.

On September 28, 2018, the Clerk issued a Certificate of Default against Sirlin.

## ARGUMENT

### POINT I

### PLAINTIFF SHOULD BE PERMITTED TO CONDUCT CLASS-CERTIFICATION DISCOVERY

With respect to Bank's individual claims:

> "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient

2

> evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234. District courts may hold an inquest by affidavit without a hearing so long as the court has "ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine*, 109 F.3d at 111.

*Flanagan v. KND Constr, Corp.*, No. 12-cv-5584, 2015 WL 7737497, *2 (E.D.N.Y. Nov. 30, 2015).

With respect to Bank's class allegations, however, "'[the] general principle that factual allegations in the complaint are deemed admitted by the defendant upon default . . . does not solve the class-certification issue[,] [as] Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions.'" *Mihelis v. Network Commercial Service, Inc.*, No. 11-cv-2215, 2014 WL 4828875, *4 (E.D.N.Y. Aug. 8, 2014), quoting *Davis v. Hutchins*, 321 F.3d 641, 648-649 (7th Cir. 2003). Accordingly, Bank should be permitted to engage in class-certification discovery, as was permitted in *Telford*. *See id.* at *4; *see also Williams v. Goldman & Steinberg, Inc.*, No. 03-cv-2132, 2006 WL 2053715, at *10 (E.D.N.Y. July 21, 2006) (Report and Recommendation), *adopted*, *see id.* at *1 ("since the defendant's default has deprived [the] plaintiff of an opportunity to conduct discovery, I recommend that, should the Court find [the] defendant liable for [the plaintiff's individual claims], [the] plaintiff be granted an opportunity to conduct discovery . . . on the questions of the class and damages . . . . Any discovery should be conducted pursuant to the requirements of Rule 45 rather than Rule 26."); *DeNicola v. Asset Recovery Solutions, LLC*, No. 11-cv-1192, 2011 WL 2133811, *2 (E.D.N.Y. May 20, 2011) (casting doubt on whether "class discovery prior to moving for default judgment," but finding that "the Court nevertheless concludes that the] [p]aintiff has made a colorable argument in favor of permitting such discovery to proceed.").

As observed in *Leider v. Ralfe*, No. 01-cv-3137, 2003 WL 24571746, *8 (S.D.N.Y. Mar. 4,

3

2003): "[j]udges in this District and elsewhere have considered certifying a class despite a defendant's failure to appear. . . . Indeed, any other conclusion might give defendants an incentive to default in situations where class certification seems likely."

## **CONCLUSION**

Bank respectfully requests that this Court issue an Order: (1) pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the Eastern District of New York, for a default judgment against Sirlin; (2) granting Bank permission to engage in class-certification discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure; and (3) granting Bank any additional relief that the Court deems just and proper.

Dated: October 4, 2018

                                                              *s/ Todd C. Bank*
TODD C. BANK
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

*Plaintiff Pro Se*