UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated<br><br><div align="right">*Plaintiff*,</div><br>-against-<br><br>EVAN T. SIRLIN,<br><br><div align="right">*Defendant*.</div> | 1:18-cv-04536-WFK-JO |

## <u>RENEWED NOTICE OF MOTION</u>

**PLEASE TAKE NOTICE**, that upon the annexed Declaration of Todd C. Bank and exhibits thereto, the accompanying memorandum of law, and all other pleadings and proceedings herein, Plaintiff, Todd C. Bank, will move this Court, on July 29, 2019, before William F. Kuntz, II, United States District Judge, for an Order: (1) pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the Eastern District of New York, for a default judgment against Defendant, Evan T. Sirlin; (2) granting Plaintiff permission to engage in class-certification discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure; and (3) granting Plaintiff any additional relief that the Court deems just and proper.

Dated: July 9, 2019

<div align="right">

  s/ *Todd C. Bank*

TODD C. BANK,
  ATTORNEY AT LAW, P.C.
Todd C. Bank
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintif*

</div>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>          *Plaintiff*,<br><br>    -against-<br><br>EVAN T. SIRLIN,<br><br>          *Defendant*. | 1:18-cv-04536-WFK-JO |

## DECLARATION OF TODD C. BANK

1.  I am the plaintiff in the above-captioned matter.

2.  I submit this declaration in support of my motion for an Order: (1) pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the Eastern District of New York, for a default judgment against Defendant, Evan T. Sirlin; (2) granting Plaintiff permission to engage in class-certification discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure; and (3) granting Plaintiff any additional relief that the Court deems just and proper.

2.  Annexed hereto as Exhibits "A," "B," "C," and "D," respectively, are true and accurate copies of the following: the Clerk's certificate of default; a copy of the claims, to which no response has been made; a proposed form of default judgment; and a copy of proof of service of the Summons and Complaint, which states that an inquiry of whether Defendant, Evan T. Sirlin, was an active military member generated a negative response.

3.  Defendant, Evan T. Sirlin, is neither an infant nor an incompetent person.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

           ___*s/ Todd C Bank*_____
           Todd C. Bank
           Executed on July 9, 2019

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

TODD C. BANK, Individually
and on Behalf of All Others
Similarly Situated,

                Plaintiff,

    - against –

EVAN T. SIRLIN,

                Defendant.

--------------------------------------------------------X

18-cv-04536-WFK-JO

**CERTIFICATE OF DEFAULT**

       I, Douglas C. Palmer, Clerk of the Court of the United States District Court for the

Eastern District of New York, do hereby certify that Defendant Evan T. Sirlin have

not filed any answer or otherwise moved with respect to the Complaint herein. The

default of Defendant Evan T. Sirlin is hereby noted pursuant to Rule 55(a) of the Federal

Rules of Civil Procedure.

Dated: Brooklyn, New York
       September 28, 2018

Douglas C. Palmer, Clerk of the Court

       By: _Jalitza Poveda_____
             Deputy Clerk

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated, | |
| | *Plaintiff*, |
| -against- | |
| EVAN T. SIRLIN, | |
| | *Defendant*. |

## CLASS-ACTION COMPLAINT

### INTRODUCTION

1.       This action arises under a federal statute and a New York statute: respectively, the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

2.       Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential or cellular telephone number one or more telephone calls, described below, were placed (the "Federal Class") during the period beginning four years prior to the commencement of this action until the date of such commencement (the "Federal Class Period").

3.       Plaintiff also brings this action individually and as a class action on behalf of all persons to whose New York telephone numbers one or more telephone calls, described below, were placed, such telephone numbers being those with an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date of such commencement (the "New York Class Period").

1

4.      Plaintiff seeks, individually and on behalf of the other Federal Class Members, statutory damages, injunctive relief, and costs.

5.      Plaintiff seeks, individually and on behalf of the other New York Class Members, statutory damages, injunctive relief, legal fees, and costs.

6.      The term "person," as used in this Complaint, incorporates the definition of "person" provided in 1 U.S.C. Section 1.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over Plaintiff's federal-law claims under 28 U.S.C. Section 1331, and has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. Section 1367(a).

8.      Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## PARTIES

9.      Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

10.     Defendant, Evan T. Sirlin ("Sirlin"), is an individual who resides at 1344 Huckleberry Lane, Hewlett, New York  11557.

## FACTS

11.     On June 12, 2018, Bank received, on his residential telephone line, a telephone call (the "First Call") whose Caller Identification ("Caller ID") information included a telephone number (the "First Caller ID Number").

12.     The First Caller ID Number was not the actual number from which the First Call was placed.

13.     The First Caller ID Number contained the same area code and the same three-digit prefix as the telephone number to which the First Call was placed.

14.     The use, by telemarketers, of a fake Caller ID that makes a call appear to be from a nearby location is known as "neighborhood spoofing."

15.     The use of the First Caller ID Number constituted neighborhood spoofing.

16.     Upon the answering of the First Call, a message was played by an artificial or pre-recorded voice ("a Pre-Recorded Message") that stated that the call was from "the National Hearing Center."

17.     On June 20, 2018, Bank received, on his residential telephone line, a telephone call (the "Second Call") whose Caller ID information included a telephone number (the "Second Caller ID Number").

18.     The Second Caller ID Number was not the actual number from which the Second Call was placed.

19.     The Second Caller ID Number contained the same area code and the same three-digit prefix as the telephone number to which the Second Call was placed.

20.     The use of the Second Caller ID Number constituted neighborhood spoofing.

21.     Upon the answering of the Second Call, a Pre-Recorded Message stated that the call was from "the National Hearing Center."

22.     Sirlin has, at all relevant times, done business as the National Hearing Center.

23.     Sirlin hired one or more third parties to place thousands of telephone calls that included, and that were materially similar in substance and methodology to, the First Call and the Second Call.

24.     On June 22, 2018, Bank received, on his residential telephone line, a telephone call (the "Third Call") whose Caller ID information included a telephone number (the "Third Caller ID Number").

25.     The Third Caller ID Number was not the actual number from which the Third Call was placed.

26.    The Third Caller ID Number contained the same area code and the same three-digit prefix as the telephone number to which the Third Call was placed.

27.    The use of the Third Caller ID Number constituted neighborhood spoofing.

28.    Upon the answering of the Third Call, a Pre-Recorded Message was followed by the playing of a second Pre-Recorded Message that stated that the call was from "Medical Alarms."

29.    Sirlin has, at all relevant times, done business as "Medical Alarms."

30.    Sirlin hired one or more third parties to place thousands of telephone calls that included, and that were materially similar in substance and methodology to, the Third Call.

31.    The First Call, the Second Call, the Third Call ("Bank's Calls"), and the telephone that were materially similar in substance and methodology to Bank's Calls (collectively, as the "Mass Telemarketing Calls") were made with equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a pre-recorded message to the telephone numbers that were called without the use of an operator.

32.    The Pre-Recorded Messages of the Mass Telemarketing Calls did not state, at their beginning, the full name of the person on whose behalf the calls were placed.

33.    The Pre-Recorded Messages of the Mass Telemarketing Calls did not state the address of the person on whose behalf the calls were placed.

34.    The Pre-Recorded Messages of the Mass Telemarketing Calls did not state the telephone number of the person on whose behalf the calls were placed.

35.    The Mass Telemarketing Calls were made without the prior express written consent of any person who had the legal right to provide such consent.

## APPLICABLE LAW

**A.      Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA")**

36.      With respect to residential telephone lines, the TCPA states that it is "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

37.      With respect to telephone numbers assigned to a cellular telephone service, the TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

38.      Recipients of calls made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b), the court may increase the award by up to $1,000 per violation. *See id.*

**B.      New York General Business Law Section 399-p**

39.      New York General Business Law Section 399-p(3)(a) states that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

40.      Persons whose rights under GBL Section 399-p are violated are entitled, pursuant to GBL Section 399-p(9), to the greater of actual damages or $50 per violation, injunctive relief, and reasonable legal fees; and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000.

## FIRST CAUSE OF ACTION

41.  Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "35" inclusive of this Complaint as if fully set forth herein.

42.  The placement of the Mass Telemarketing Calls violated 47 U.S.C. Section 227(b)(1).

43.  Bank and Members of the Federal Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(3)(B).

44.  In the event that Defendant willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other members of the Federal Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

45.  Bank and the other Members of the Federal Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. Section 227(b)(1).

## SECOND CAUSE OF ACTION

46.  Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "35" inclusive of this Complaint as if fully set forth herein.

47.  The placement of the Mass Telemarketing Calls to New York Class Members violated GBL Section 399-p(3)(a).

48.  Bank and the other Members of the New York Class are entitled to statutory damages of $50 pursuant to GBL Section 399-p(9).

49.  Bank and the other Members of the New York Class are entitled to an Order, pursuant to GBL Section 399-p(9), enjoining Defendant from violating GBL Section 399-p(3)(a)

50.  Bank and the other Members of the New York Class are entitled to reasonable legal fees pursuant to GBL Section 399-p(9).

## CLASS ALLEGATIONS

51.     Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone one or more Mass Telemarketing Calls were made during the Federal Class Period.

52.     Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone one or more Mass Telemarketing Calls were made during the New York Class Period.

53.     Bank believes that there are thousands of individuals whose claims are similar to Bank's claims, and, furthermore, that Bank's claims are typical of the claims of absent Class Members. Members of each Class have sustained damages arising out of Defendant's wrongful conduct in the same manner in which Bank has sustained damages arising out of Defendant's unlawful conduct.

54.     Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

55.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

56.     Common questions of law and fact predominate over questions that affect only individual Federal Class Members. Among those questions are:

(i)      whether Sirlin hired one or more third parties to make telephone calls that violated Section 227(b)(1) of the TCPA;

(ii)     whether Defendant willfully or knowingly violated Section 227(b)(1) of the TCPA;

(iii)    whether the Members of the Federal Class are entitled to damages as a result of Defendant's violations of Section 227(b)(1) of the TCPA, and, if so, how much; and

(iv)    whether the Members of the Federal Class are entitled to injunctive relief as a result of Defendant's violations of Section 227(b)(1) of the TCPA.

57.     Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among those questions are:

(i)      whether telephone calls were made to residential or cellular telephone lines by, on behalf of, at the direction of, with the approval of, or with the authorization of Defendant using equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a pre-recorded message to the telephone numbers that were called without the use of an operator, wherein the telephone number to which the such calls were made was a New York telephone number, that is, a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929

(ii)     whether Defendant violated GBL Section 399-p(3)(a);

(iii)    whether the Members of the New York Class are entitled to damages as a result of Defendant's violations of GBL Section 399-p(3)(a);

(iv)    whether the Members of the New York Class are entitled to injunctive relief as a result of Defendant's violations of GBL Section 399-p(3)(a); and

(v)     whether the Members of the New York Class are entitled to reasonable legal fees as a result of Defendant's violations of GBL Section 399-p(3)(a).

**[continued on next page]**

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a)     Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other Members of the Federal Class;

(b)     Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Class, in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendant knowingly or willfully violated 47 U.S.C. Section 227(b)(1);

(c)     Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. Section 227(b)(1);

(d)     Pursuant to New York General Business Law Section 399-p(9), damages of $50 per violation of New York General Business Law Section 399-p(3)(a) for Plaintiff and the other Members of the New York Class;

(e)      Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendant from violating New York General Business Law Section 399-p(3)(a); and

(f)     An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: August 24, 2018

Respectfully submitted,

 s/ *Todd C. Bank*
TODD C. BANK
 ATTORNEY AT LAW, P.C.
Todd C. Bank
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated<br><br>*Plaintiff*,<br><br>-against-<br><br>EVAN T. SIRLIN,<br><br>*Defendant*. | 1:18-cv-04536-WFK-JO<br><br>**JUDGMENT** |

**ORDERED and ADJUDGED** that judgment is hereby entered in favor of Plaintiff, Todd C. Bank, and against Defendant, Evan T. Sirlin, in the total sum of $4,650.00, with recoverable costs that accrued up to the date of judgment; and that it is further,

**ORDERED, ADJUDGED and DECREED** that Defendant, Evan T. Sirlin, is enjoined from violating the rights of Plaintiff, Todd C. Bank, under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and New York General Business Law § 399-p(3)(a); and that it is further,

**ORDERED** that Plaintiff, Todd C. Bank, is entitled to recover from Defendant, Evan T. Sirlin, pre-judgment interest at the rate of ___ percent, plus post-judgment interest at the rate of 0.69 percent per annum.

Dated: Brooklyn, New York
     July ___, 2019

Douglas C. Palmer
Clerk of Court

by: _____
     Deputy Clerk

# EXHIBIT "D"

TODD C BANK, individually and on behalf of all others similarly situated

*Plaintiff*

vs.

EVAN T SIRLIN

*Defendant*

N
COURT DATE & TIME: AT
INDEX #: 1:18 CV-04536-WFK-JO
DATE FILED: 08/24/2018
Job #: 485889
Client File#

TODD C BANK, ATTORNEY AT LAW
119-40 UNION TPKE 4TH FL
KEW GARDENS, NEW YORK 11415

CLIENT'S FILE NO.:

**AFFIDAVIT OF SUITABLE SERVICE**

STATE OF NEW YORK: COUNTY OF QUEENS ss:

MITCHELL TROSTERMAN , being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on 08/27/2018 at 3:46 PM at 1344 HUCKLEBERRY LANE, HEWLETT, NY 11557 deponent served the within SUMMONS IN A CIVIL ACTION, CLASS ACTION COMPLAINT on EVAN T SIRLIN therein named

After your deponent was unable with due diligence to serve the recipient by personal delivery, service was made by delivering a true copy thereof to and leaving with JOCELYN P. HOUSEKEEPER a person of suitable age and discretion at 1344 HUCKLEBERRY LANE, HEWLETT, NY 11557 said premises being the recipient's actual place of abode within the State of New York.

Deponent completed service by depositing a copy of the SUMMONS IN A CIVIL ACTION, CLASS ACTION COMPLAINT on 08/28/2018 in a postpaid, properly addressed envelope by first class mail, bearing the legend Personal & Confidential and not indicating legal action, in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.
Mailing was made to 1344 HUCKLEBERRY LANE, HEWLETT, NY 11557
Deponent previously attempted to serve the above named individual on

Said documents were conformed with index number and date of filing endorsed thereon.

A description of the person served on behalf of the defendant is as follows:
**Approx Age:** 36 - 50 Yrs., **Approx Weight:** 131-160 Lbs., **Approx Height:** 5' 4" - 5' 8", **Sex:** Male, **Approx Skin:** White, **Approx Hair:** Black

**Other:**

Deponent spoke to JOCELYN P.
Inquired as to the EVAN T SIRLINs place of residence and received a positive reply and confirmed the above address of EVAN T SIRLIN and asked whether EVAN T SIRLIN was in active military service of the United States or the State of New York in any capacity, or is a dependant of anyone in the military and received a negative reply and that the EVAN T SIRLIN always wore civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the EVAN T SIRLIN is not in the military service of New York State or of the United States as that the term is defined in either the State or in Federal statutes.

Sworn to before me on 08/28/2018
DEBRA A SCOTT 01SC6137374
Notary Public State of NEW YORK
QUEENS County, Commission Expires 11/21/21



MITCHELL TROSTERMAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated<br><br>*Plaintiff*,<br><br>-against-<br><br>EVAN T. SIRLIN,<br><br>*Defendant*. | 1:18-cv-04536-WFK-JO |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR A DEFAULT JUDGMENT AND FOR PERMISSION
TO ENGAGE IN CLASS-CERTIFICATION DISCOVERY**

TODD C. BANK,
 ATTORNEY AT LAW, P.C.
Todd C. Bank
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated<br><br>*Plaintiff*,<br><br>-against-<br><br>EVAN T. SIRLIN,<br><br>*Defendant*. | 1:18-cv-04536-WFK-JO |

## INTRODUCTION

Plaintiff, Todd C. Bank ("Bank"), submits this memorandum of law in support of Bank's motion for an Order: (1) pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the Eastern District of New York, for a default judgment against Defendant, Evan T. Sirlin. ("Sirlin"); (2) granting Bank permission to engage in class-certification discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure; and (3) granting Bank any additional relief that the Court deems just and proper.

## FACTUAL AND PROCEDURAL BACKGROUND

This putative class action, which was commenced on August 10, 2018, arose under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); specifically, Section 227(b)(1)(B), which makes it "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party," 47 U.S.C. § 227(b)(1)(B), and Section 227(b)(1)(A)(iii) of the TCPA, which makes it "unlawful for any person . . . to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or

1

prerecorded voice . . . to any . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Bank has also asserted claims, with respect to telephone calls made to New York State telephone numbers, under New York General Business Law ("GBL") Section 399-p(3)(a), which states that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law." GBL § 399-p(3)(a).

Bank is seeking, individually and on behalf of the other class members, statutory damages and injunctive relief. *See* Compl., Dkt. No. 1, ¶¶ 4,5, and Prayer for Relief.

On September 28, 2018, the Clerk issued a Certificate of Default against Sirlin.

## ARGUMENT

## POINT I

## PLAINTIFF SHOULD BE PERMITTED TO CONDUCT CLASS-CERTIFICATION DISCOVERY

With respect to Bank's individual claims:

> "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient

> evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234. District courts may hold an inquest by affidavit without a hearing so long as the court has "ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine*, 109 F.3d at 111.

*Flanagan v. KND Constr, Corp.*, No. 12-cv-5584, 2015 WL 7737497, *2 (E.D.N.Y. Nov. 30, 2015).

With respect to Bank's class allegations, however, "'[the] general principle that factual allegations in the complaint are deemed admitted by the defendant upon default . . . does not solve the class-certification issue[,] [as] Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions.'" *Mihelis v. Network Commercial Service, Inc.*, No. 11-cv-2215, 2014 WL 4828875, *4 (E.D.N.Y. Aug. 8, 2014), quoting *Davis v. Hutchins*, 321 F.3d 641, 648-649 (7th Cir. 2003). Accordingly, Bank should be permitted to engage in class-certification discovery, as was permitted in *Telford*. *See id.* at *4; *see also Williams v. Goldman & Steinberg, Inc.*, No. 03-cv-2132, 2006 WL 2053715, at *10 (E.D.N.Y. July 21, 2006) (Report and Recommendation), *adopted*, *see id.* at *1 ("since the defendant's default has deprived [the] plaintiff of an opportunity to conduct discovery, I recommend that, should the Court find [the] defendant liable for [the plaintiff's individual claims], [the] plaintiff be granted an opportunity to conduct discovery . . . on the questions of the class and damages . . . . Any discovery should be conducted pursuant to the requirements of Rule 45 rather than Rule 26."); *DeNicola v. Asset Recovery Solutions, LLC*, No. 11-cv-1192, 2011 WL 2133811, *2 (E.D.N.Y. May 20, 2011) (casting doubt on whether "class discovery prior to moving for default judgment," but finding that "the Court nevertheless concludes that the] [p]aintiff has made a colorable argument in favor of permitting such discovery to proceed.").

As observed in *Leider v. Ralfe*, No. 01-cv-3137, 2003 WL 24571746, *8 (S.D.N.Y. Mar. 4,

2003): "[j]udges in this District and elsewhere have considered certifying a class despite a defendant's failure to appear. . . . Indeed, any other conclusion might give defendants an incentive to default in situations where class certification seems likely."

## CONCLUSION

Bank respectfully requests that this Court issue an Order: (1) pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the Eastern District of New York, for a default judgment against Sirlin; (2) granting Bank permission to engage in class-certification discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure; and (3) granting Bank any additional relief that the Court deems just and proper.

Dated: July 9, 2019

<div style="text-align:right">

___s/ *Todd C. Bank*_____

TODD C. BANK,
  ATTORNEY AT LAW, P.C.
Todd C. Bank
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 9, 2019, a true and accurate copy of the foregoing via the Court's electronic-filing (ECF) system was sent to all parties by operation of the Court's ECF system and has been mailed to those parties, if any, by First Class mail of the United States Postal Service who are not served via the Court's ECF system; namely:

Evan T. Sirlin
1344 Huckleberry Lane
Hewlett, NY  11557

Dated: July 9, 2019

<div style="text-align:right">

    __*s/ Todd C. Bank*_____

Todd C. Bank

</div>