TODD C. BANK, ATTORNEY AT LAW, P.C.
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York  11415
Telephone: (718) 520-7125
Facsimile: (856) 997-9193

www.toddbanklaw.com                                           tbank@toddbanklaw.com

July 10, 2019

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201
Attn.: Judge William F. Kuntz, II

        Re:    Todd C. Bank v. Evan Sirlin
              Case No. 1:18-cv-04536-WFK-JO

Dear Judge Kuntz:

      I, the plaintiff in the above-referenced action, request that the Court schedule a Rule 16 conference.

      Separately, I request, in relation to the Court's denial, today, of my motion for a default judgment, that the Court explain the basis for that denial. To litigants and members of the public, it is disheartening when a court issues a ruling without explanation; in effect, by fiat. Moreover, doing so necessarily creates the impression that the Court gave insufficient attention to the matter, knowingly issued an incorrect ruling, or both. That, among other reasons, is why "courts have an *obligation to explain their decisions* and therefore to allow the public an opportunity to *assess the correctness* of those rulings." *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 101 F.R.D. 34, 42 (C.D. Calif. 1984) (emphases added); of course, a party *especially* has the need to "assess the correctness" of a judicial ruling in order to make an informed decision about how to react to it. As stated in Wade McCree, *Bureaucratic Justice: An Early Warning*, 129 U. Pa. L. Rev. 777 (1981): "[w]hen we read a judicial opinion, we may be swayed in some small measure by whether the writer shares our views or prejudices and concludes with the words 'AFFIRMED' as we ourselves would. But *it is what comes before—how the issues are stated and how they are resolve*—that leads us to conclude whether this is a judge that we are glad to have. Thus, we expect the *judge*, like *no other public official*, to justify his decisions with *reason*," *id.* at 780 (emphases added; footnote omitted); and, as stated in Richard H. Fallon, Jr., *A Theory of Judicial Candor*, 117 Colum. L. Rev. 2265 (2017), "[o]pinions must be *minimally informative* in order to satisfy the concerns that lead us to want *reasoned* judicial decisions in the first place" (emphases added).

      Absent permission to engage in discovery or an explanation of why a default judgment was denied,  I will have no option other than to file a petition for a writ of mandamus in the Court of Appeals, which, barring the Court's input by July 17, I intend to do.

Sincerely,

  **s/ *Todd C. Bank***

Todd C. Bank