

19-4330-cv

*Bank v. Sirlin*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty.

PRESENT:
        ROBERT D. SACK,
        DENNY CHIN,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TODD C. BANK, individually and behalf of all others similarly situated,

            *Plaintiff-Appellant,*

          -v-                           19-4330-cv

EVAN T. SIRLIN,

            *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      Todd C. Bank, *pro se*, Kew Gardens, New York.

FOR DEFENDANT-APPELLEE:      No appearance.

MANDATE

MANDATE ISSUED ON 12/30/2020

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Todd C. Bank, an attorney proceeding *pro se*, appeals the district court's judgment, issued December 10, 2019, dismissing his complaint against defendant-appellee Evan T. Sirlin alleging that Sirlin made automated telemarketing calls in violation of federal and state law.  The district court dismissed Bank's complaint *sua sponte*, stating: "Upon careful review of the record, the Court finds the Complaint filed in the above-captioned action to be without merit.  Accordingly, the Complaint is hereby dismissed.  The Clerk of Court is respectfully directed to terminate this case."  App'x at 13.  Bank's sole contention on appeal is that the district court was required to provide its reasoning for dismissing his complaint.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

As an initial matter, although "a court is ordinarily obligated to afford a special solicitude to *pro se* litigants" based on "[t]he rationale . . . that a *pro se* litigant generally lacks both legal training and experience," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), "a lawyer representing himself ordinarily receives no such solicitude at

all," *id.* at 102.  Bank is an attorney representing himself and thus he is not entitled to special solicitude.

Bank argues that the district court was required to provide its reasoning for dismissing his complaint.  As we recently explained when Bank made a similar argument (when the dismissal was pursuant to a defendant's motion, rather than *sua sponte*), this Court and other circuits have affirmed dismissals where the district courts declined to explain their reasoning.  *See Bank v. Alarm.com Holdings, Inc.*, 828 F. App'x 5, 8 (2d Cir. 2020) (summary order) (collecting cases).  Bank has made no effort to argue any basis for distinguishing between a district court's dismissal of a complaint *sua sponte* and a dismissal on a defendant's motion.  As we noted in *Alarm.com*, it is preferable for district courts to provide at least some explanation when dismissing a complaint.  *See id.*  Nevertheless, on the record before us, we cannot say that the district court erred by declining to explain its decision.

Bank has also waived any challenge to the merits of the district court's decision by declining to raise any such argument in his brief.  *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").  In light of Bank's extensive

experience in this Court and in telemarketing lawsuits in general,[1] we decline to

exercise our discretion to consider his waived arguments.

        We have considered Bank's remaining arguments and conclude they are

without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1]    Indeed, Bank has filed some 45 appeals in this Court since 2010, some as an attorney and some *pro se*.  *See, e.g.*, *McCabe v. Lifetime Ent. Servs., LLC*, 761 F. App'x 38, 41-42 (2d Cir. 2019) (summary order) (affirming dismissal of TCPA claims and sanctions against Bank); *see also Bank v. Vivint Solar, Inc.*, No. 18-CV-2555, 2019 WL 2280731, at *3 n.2 (E.D.N.Y. Feb. 25, 2019) (unpublished R&R) (noting that Bank is "a frequent filer of TCPA claims" and thus is "well versed in how to identify an unauthorized caller").

4